UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CR. No. 10-076ML |
| : | CR. No. 10-134ML |
| RAYMOND L. DOUGLAS III : | |

**PLEA  AGREEMENT**

Pursuant to Rule 11(c)(1)(b) of the Federal Rules of Criminal Procedure, the United States and Defendant, RAYMOND L. DOUGLAS III have reached the following agreement:

1. Defendant's Obligations.

   a. Defendant will plead guilty to both of the above Indictments, which charges Defendant with:

   CR No. 10-076ML:

   - Count 1, Conspiracy, in violation of 18 U.S.C. §371;
   - Counts 2, 5, 8, and 10, Receipt and/or Solicitation of a Bribe by an Agent of an Organization Receiving Federal Funds, in violation of 18 U.S.C. §666(a)(1)(B); and
   - Counts 4, 7, 9, and 11, Extortion Under Color of Official Right, in violation of 18 U.S.C. §1951.

   CR No. 10-134ML:

   - Count 1, Collection of Extension of Credit by Extortionate Means, in violation of 18 U.S.C. §894(a)(1).

The parties agree that both of these cases may be consolidated for all purposes, including the taking of a guilty plea and sentencing.

Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

    b. Defendant further agrees that in case No. 10-076ML, he is jointly and severally liable to the United States for all sums set forth in the Forfeiture Allegations in that Indictment. Defendant agrees to the entry of a money judgment for the amount of $46,000 at sentencing. In case No. 10-134ML, he is liable to the United States for the sum set forth in the Forfeiture Allegations in that Indictment. Defendant agrees to the entry of a money judgment for the amount of $1500 at sentencing.

    2. Government's Obligations. In exchange for Defendant's pleas of guilty:

    a. The government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines.

    b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the

offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

   c.  As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty.  If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

   d.  The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

   3.  Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

   4.  Specific Agreements:

   a.  The United States and defendant agree to recommend to the Court that neither the Aggravating Role adjustment

(U.S.S.G. §3B1.1), nor the Mitigating Role adjustment (U.S.S.G. §3B1.2) apply in this case.

    b. The United States will recommend to the Court that the amount of intended loss pursuant to U.S.S.G. §2C1.1(b)(2) and §2B1.1(b)(1)(E) is more than $70,000 but less than or equal to $120,000. The defendant is free to argue for a different loss amount.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation. The defendant is free to seek a variance from the sentencing guideline range.

6. The maximum statutory penalties for the offense to which defendant is pleading are:

<u>CR 10-076ML</u>:

- Count 1, Conspiracy:
    - 5 years imprisonment;
    - $250,000 fine, or twice the amount of gain or loss, whichever is greater;
    - 3 years supervised release; and
    - $100 mandatory special assessment.

- Counts 2, 5, 8, and 10, Receipt and/or Solicitation of a Bribe by an Agent of an Organization Receiving Federal Funds:
    - 10 years imprisonment;
    - $250,000 fine, or twice the amount of gain or loss, whichever is greater;
    - 3 years supervised release; and
    - $100 mandatory special assessment.
- Counts 4, 7, 9, and 11, Extortion Under Color of Official Right:
    - 20 years imprisonment;
    - $250,000 fine, or twice the amount of gain or loss, whichever is greater;
    - 3 years supervised release; and
    - $100 mandatory special assessment.

CR No. 10-134ML:

- Count 1, Collection of Credit by Extortion:
    - 20 years imprisonment;
    - $250,000 fine, or twice the amount of gain or loss, whichever is greater;
    - 3 years supervised release; and
    - $100 mandatory special assessment.

Should the maximum penalties be imposed consecutively on all counts, the maximum allowable penalties for all offenses to which Defendant is pleading guilty are:

- 145 years imprisonment;
- $2,500,000 in fines;
- 30 years supervised release; and
- $1000 in mandatory special assessments.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

      d.  Defendant has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

      e.  Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

      f.  Defendant waives these trial rights if the Court accepts a plea of guilty.

9.  The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10.  Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

11.  Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed.  The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations.  The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum.  Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant

expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced

Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_/s/ Raymond L. Douglas III_   Date 2/16/11
RAYMOND L. DOUGLAS III
Defendant

_/s/ William C. Dimitri_   2-16-11
WILLIAM C. DIMITRI, ESQ.   Date
Counsel for Defendant

_/s/ Terrence P. Donnelly_   2/17/11
TERRENCE P. DONNELLY   Date
Assistant U.S. Attorney

_/s/ John P. McAdams_   2-16-11
JOHN P. MCADAMS   Date
Assistant U.S. Attorney

_/s/ Stephen G. Dambruch_   02/17/2011
STEPHEN G. DAMBRUCH   Date
Assistant U.S. Attorney
Criminal Chief